IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

AUG 5 2008

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY _W.H._ DEPUTY

ANGELO McCLEARY, )
)
    Plaintiff, )
)
vs. ) No. CIV-08-626-W
)
AMY RYAN et al., )
)
    Defendants. )

## ORDER

On June 25, 2008, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this matter and recommended that the complaint filed by plaintiff Angelo McCleary be dismissed upon filing. McCleary was advised of his right to object, and the matter now comes before the Court on McCleary's Objection.[1]

Upon de novo review of the record, the Court concurs with Magistrate Judge Argo's suggested disposition of this matter. McCleary has named as defendants, Amy Ryan, an Oklahoma Department of Human Services ("DHS") employee, and Honorable Jerry Bass, Judge of the District Court of Oklahoma County, Oklahoma, as well as Susan Carlson and Pat Crawley, who are employed as assistant district attorneys for Oklahoma County, Oklahoma. McCleary has asserted three causes of action; each one is grounded on allegations regarding state court custody proceedings involving his children, the death of his father in 1995 allegedly at the hands of police officers employed by the City of Oklahoma City, Oklahoma ("City"), malicious prosecution by the Oklahoma County District Attorney's Office and/or harassment by City police officers and DHS employees.

---

[1] McCleary has advanced no grounds in his Objection that warrant amendment of his complaint, joinder of additional defendants or delay of the instant proceedings.

These allegations are similar to, if the same, as the allegations that supported McCleary's claims in McCleary v. Meyer, No. CIV-07-816-W, wherein McCleary named as defendants inter alios Judge Bass, Carlson, Crawley and Ryan. That case was dismissed upon filing on April 21, 2008.

The reasons that warranted dismissal of McCleary's earlier case apply equally to the case-at-bar. Such reasons include Judge Bass' entitlement to absolute judicial immunity, e.g., Stump v. Sparkman, 435 U.S. 349 (1978), and Carlson and Crawley's entitlement to prosecutorial immunity. E.g., Imbler v. Pachtman, 424 U.S. 409 (1976). Likewise, the Court again finds that McCleary's claims against Ryan and his attempts to relitigate issues pertaining to the custody of his children are barred by the Rooker-Feldman doctrine.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on June 25, 2008;

(2) DISMISSES McCleary's complaint upon filing;

(3) DENIES as moot McCleary's Motion [Doc. 10] file-stamped July 14, 2008, to the extent, if any, it seeks leave to proceed in forma pauperis and further DENIES said motion to the extent, if any, it seeks any other relief, including a hearing and the indictment of certain individuals; and

(4) ORDERS that the instant dismissal count as a strike pursuant to 28 U.S.C. § 1915(g) after McCleary has exhausted or waived his right to appeal.

ENTERED this 5th day of August, 2008.

LEE R. WEST
UNITED STATES DISTRICT JUDGE